

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FLORENCE SNYDER, : CIVIL ACTION
    Plaintiff, :
v. :
                                 NO. 12-5382
BERTUCCI'S RESTAURANT CORP., :
    Defendant. :

FILED DEC 1 8 2012 MICHAEL E. KUNZ, Clerk By _____ Dep. Clerk

## MEMORANDUM

BUCKWALTER, S. J.                                                                December 18, 2012

Currently pending before the Court is the Motion of Defendant Bertucci's Restaurant Corporation to Transfer Venue to the District of New Jersey pursuant to 28 U.S.C. § 1404. For the following reasons, the Motion is denied.

## I. FACTUAL AND PROCEDURAL HISTORY

According to the facts as set forth in the Complaint, this action was brought by Plaintiff after she suffered a fall at Defendant's restaurant in Marlton, NJ on August 4, 2012. (Compl. ¶ 7–8.) Plaintiff claims that this fall was the result of Defendant's negligence and failure to maintain the premises in a safe manner. (Id. ¶¶ 8, 9.) As a result of the fall, Plaintiff suffered multiple injuries, including a "right hip fracture, right wrist fracture as well as other injuries to her head, neck, back, spine, torso, and extremities, their bones, cells, tissues, discs, muscles, cartilage, nerves and functions; together with shock, and injury to her nerves and nervous system[.]" (Id. ¶ 14.)[1]

---

[1]The Court notes that there is a typographical error in the Complaint such that there are two paragraphs numbered "fifteen." This citation refers to the first of these, which is the fourteenth

Plaintiff brought suit on September 20, 2012 seeking to recover for Defendant's negligence. Defendant filed an answer on November 9, 2012, then filed the instant Motion to Transfer on November 13, 2012. Plaintiff filed a response in opposition on November 11, 2012. The court will now consider the merits of Defendant's Motion to Transfer Venue.

## II.  DISCUSSION

Pursuant to 28 U.S.C. § 1404(a), a district court may transfer an action to any other district "where it might have been brought" if this transfer is "for the convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a); see also Connors v. UUU Prods., No. Civ.A.03-6420, 2004 WL 834726, at *6 (E.D. Pa. Mar. 5, 2004). The determination of whether to transfer venue pursuant to § 1404(a) is governed by federal law. See Jumara v. State Farm Ins. Co., 55 F.3d 873, 877–878 (3d Cir. 1995) (federal law applies because questions of venue are procedural, rather than substantive).

Analysis of a request for a § 1404(a) transfer has two components. First, both the original venue and the requested venue must be proper. Id. at 879. Venue, in a case based on federal question jurisdiction, is proper only in "(1) a jurisdiction where any of defendant resides if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or issues giving rise to the claim occurred . . ., or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

Second, because the purpose of allowing § 1404(a) transfers is "'to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary

---

paragraph.

2

inconvenience and expense,'" Pro Spice, Inc. v. Omni Trade Grp., Inc., 173 F. Supp. 2d 336, 339 (E.D. Pa. 2001) (quoting Van Dusen v. Barrack, 376 U.S. 612, 616 (1964)), the Court is required to undertake a balancing test in deciding whether the "interests of justice [would] be better served by a transfer to a different forum." Jumara, 55 F.3d at 879. The Third Circuit has outlined a non-exhaustive list of pertinent public and private interest factors to be weighed in this balancing test. The private interests include: (1) the plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses; and (6) the location of books and records. Id. at 879. The public interests include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. Id. at 879–80. The burden falls on the moving defendant to show the desirability of transferring venue and to present evidence upon which the court may rely in justifying transfer. Fellner ex rel. Estate of Fellner v. Phila. Toboggan Coasters, Inc., No. Civ.A.05-1052, 2005 WL 2660351, at *4 (E.D. Pa. Oct. 18, 2005).[2] Notably, analyses of transfers under § 1404(a) are "flexible and must be made on the unique facts of each case."[3] Job

---

[2] "Appropriate supporting evidence includes documents, affidavits, or statements concerning the availability of material witnesses, relative ease of access to evidence, and business or personal hardships that might result for the moving parties." Fellner, 2005 WL 2660351, at *4.

[3] The Third Circuit has noted that its extensive enumeration of factors to be balanced makes "a written opinion setting forth the reasons for transfer . . . highly desirable." Jumara, 55 F.3d at 880 (internal quotations omitted).

Haines Home for the Aged v. Young, 936 F. Supp. 223, 227 (D.N.J. 1996) (internal quotations omitted).

In the case at bar, neither party disputes that the case "might have been brought" in Defendant's requested venue of the District of New Jersey. The Complaint at issue clearly acknowledges that Plaintiff is a resident of Cherry Hill, New Jersey. (Compl. ¶ 1.) The incident in question occurred in the District of New Jersey. Accordingly, the Court turns to the second part of the inquiry: whether the convenience of the parties and witnesses, as well as the interests of justice, would be served by transferring this case to the District of New Jersey. Considering the private and public interests enumerated by the Third Circuit Court of Appeals, the Court finds that transfer is not warranted in this case.

### A. Private Interests

#### 1. Plaintiff's Choice of Venue

The analysis commences with an examination of Plaintiff's choice of venue, as manifested by where the suit was originally brought. As a general rule, a plaintiff's choice of venue is of paramount consideration and "should not be disturbed lightly." In re Amkor Tech., Inc. v. Sec. Litig., No. Civ.A.06-298, 2006 WL 3857488, at *3 (E.D. Pa. Dec. 28, 2006) (quoting Weber v. Basic Comfort, Inc., 155 F. Supp. 2d 283, 285 (E.D. Pa. 2001)). "Moreover, where . . . the plaintiff files suit in its home forum, that choice is entitled to considerable deference." Am. Argo Corp. v. U.S. Fid. & Guar. Co., 590 F. Supp. 1002, 1004 (E.D. Pa. 1984).

Nonetheless, there are circumstances wherein a plaintiff's choice of forum is not entitled to significant deference. For example, "a plaintiff's choice [of forum] receives less weight where none of the operative facts occurred in the selected forum." Fid. Leasing, Inc. v. Metavec Corp.,

No. Civ.A.98-6035, 1999 WL 269933, at *2 (E.D. Pa. Apr. 29, 1999); see also Rowles v. Hammermill Paper Co., Inc., 689 F. Supp. 494, 496 (E.D. Pa. 1988) ("plaintiff's choice of forum merits less deference when none of the conduct complained of occurred in plaintiff's selected forum.") (citations omitted). Moreover, where plaintiff files suit outside his or her own forum, plaintiff's choice of forum is entitled to less deference. Copley v. Wyeth, Inc., No. Civ.A.09-722, 2009 WL 2160640, at *3 (July 17, 2009).

As noted above, the Plaintiff in this case is domiciled in the District of New Jersey but decided to bring suit in the Eastern District of Pennsylvania. The incident in question occurred in New Jersey. Thus, while Plaintiff's choice of forum is still granted weight in the decision, it is somewhat lessened because she is not requesting a home forum or one in which any operative facts of the case occurred.

### 2. Defendants' Preference

The second factor—defendant's forum choice—is "entitled to considerably less weight than Plaintiff's, as the purpose of a venue transfer is not to shift inconvenience from one party to another." EVCO Tech. and Dev. Co. v. Precision Shooting Equip., Inc., 379 F. Supp. 2d 728, 730 (E.D. Pa. 2003) (citations omitted). Nevertheless, Defendant's preference is for the case to be transferred to New Jersey.

### 3. Whether the Claim Arose Elsewhere

Typically the most appropriate venue is governed by the third factor – where a majority of events giving rise to the claim arose. In re Amkor Tech., Inc. Secs. Litig., No. Civ.A.06-298, 2006 WL 3857488, at *5 (E.D. Pa. Dec. 28, 2006). "When the chosen forum has little connection with the operative facts of the lawsuit, such that retaining the action conflicts with the

5

interests in efficiency and convenience, other private interests are afforded less weight." Cancer Genetics, Inc. v. Kreatech Biotech. B.V., No. Civ.A.07-273, 2007 WL 4365328, at *5 (E.D. Pa. Dec. 11, 2007).

Because the alleged fall—the only operative event in this case—took place in New Jersey, this factor weighs in favor of transfer.

### 4. Convenience of the Parties

The parties are unlikely to be inconvenienced by having the case remain in the Eastern District of Pennsylvania. Bertucci's is a national corporation which is headquartered in North Borough, Massachusetts. Neither venue would be particularly inconvenient for it and its witnesses. Plaintiff is a resident of Cherry Hill, New Jersey. However, because the federal courthouse in the Eastern District (located at 601 Market Street in Philadelphia) is only 3.6 miles from the federal courthouse in Camden, NJ (located at 401 Market Street in Camden)[4], any inconvenience in having the case remain is negligible.

### 5. Convenience of Witnesses

The next private factor the Court includes in the balancing test is the convenience of material witnesses. This "is a particularly significant factor in a court's decision whether to transfer." Idasetima v. Wabash Metal Prods., Inc., No. Civ.A.01-197, 2001 WL 1526270, at *2 (E.D. Pa. Nov. 29, 2001) (citing Lindley v. Caterpillar, Inc., 93 F. Supp. 2d 615, 617 (E.D. Pa. 2000)). There are many different types of witnesses, however, and each one carries a different weight. "[F]act witnesses who possess first-hand knowledge of the events giving rise to the

---

[4]The Court may take judicial notice of geography. Boyce Motor Lines, Inc. v. United States, 342 U.S. 337, 344 (1952). The distance listed here is the driving distance as calculated using Google Maps (https://maps.google.com, last accessed Dec. 17, 2012).

6

lawsuit, have traditionally weighed quite heavily in the 'balance of convenience' analysis." Affymetrix, Inc. v. Synteni, Inc., 28 F. Supp. 2d 192, 203 (D. Del. 1998). Party witnesses or witnesses who are employed by a party, on the other hand, have little impact on the "balance of convenience" analysis since each party is obligated to procure the attendance of its own employees for trial. Id. Likewise, expert witnesses or witnesses who are retained by a party to testify carry little weight because they "are usually selected because of their reputation and special knowledge without regard to their residences and are presumably well compensated for their attendance, labor and inconvenience, if any." See Webster-Chicago Corp. v. Minneapolis-Honeywell Regulator Co., 99 F. Supp. 503, 505 (D. Del. 1951); see also Howell v. Shaw Indus. Nos. Civ.A.93-2068, 93-2638, 1993 WL 387901, at *5 (E.D. Pa. Oct. 1, 1993) ("[T]he convenience of expert witnesses is generally given little weight in a motion to transfer venue.").

Because the incident in question happened in such close proximity to the Eastern District of Pennsylvania, nearly all of the foreseeable witnesses will be local. As such, there is no indication that any witnesses will be beyond the subpoena power of the Court. See Fed. R. Civ. P. 45(b)(2). As such, this favor does not weigh in favor of transfer.

### 6. Location of Books and Records

The parties have not identified any books or records that are relevant in this case. In any event, as discussed above, the distance between the Eastern District of Pennsylvania and the District of New Jersey is insignificant and, thus, this factor does not favor one side or the other.

### B. Public Interests

#### 1. Enforceability of Judgment

The parties do not dispute that a judgment entered against Defendants in either forum

7

would be enforceable. Therefore, the Court also assigns no weight to this factor.

### 2. Practical Considerations that Could Make the Trial Easy, Expeditious or Inexpensive

The parties have not highlighted and the Court is not aware of any practical considerations that would affect the trial one way or another.

### 3. The Relative Administrative Difficulty in the Two Fora Resulting from Court Congestion

We note that, for all practical purposes, the calendar of this Court is not so full as to deny the parties prompt and thorough consideration of their case.

### 4. The Local Interest in Deciding Controversies at Home

The Court's next consideration—which of the two potential districts maintains a greater interest in the action—bears significantly on our decision. "The burden of jury duty should not be placed on citizens with a remote connection to the lawsuit." Nat'l Prop. Investors VIII v. Shell Oil Co., 917 F. Supp. 324, 330 (D.N.J. 1995). Typically, when a substantial amount of the alleged culpable conduct occurred in the chosen forum, that court favors retaining jurisdiction as a matter of local interest. Cancer Genetics, 2007 WL 4365328, at *6; see also In re E. Dist. Repetitive Stress Injury Litig., 850 F. Supp. 188, 195 (E.D.N.Y. 1994) ("When an action involves injuries sustained in a particular locale, the public interest supports adjudication of the controversy in that locale where it may be a matter of local attention, rather than in a remote location where it will be learned of only by report.").

Although the incident in question occurred in New Jersey, there is no indication that this controversy is particularly local in nature. In seeking to transfer, Defendant highlights that local state maintenance ordinances and building codes may serve as either a basis for the claims

8

against it or as a defense. Defendant argues that such building codes and ordinances are local and affect the citizens of New Jersey. While such codes and ordinances may affect the issues in this case, they do not create a sufficiently local issue as to weigh heavily in favor of transfer. As such, this factor does not weigh significantly in the Court's decision.

### 5. The Public Policies of the Fora

The parties have produced no evidence to suggest that the public policies of either New Jersey or Pennsylvania weigh one way or another with regards to the issue of transfer. Accordingly, we grant the factor no weight.

### 6. The Familiarity of the Trial Judge with the Applicable State Law in Diversity Cases

Because the events of this action occurred in New Jersey, the applicable law is New Jersey common law on negligence. Federal judges are frequently called upon to apply the laws of other states, and basic tort law is not so complicated as to advocate heavily in favor of transfer. See 15 Wright, Miller, & Copper, Federal Practice and Procedure § 3854, at 266–267 (2d ed. 1986) (familiarity with state law not given great weight, particularly when the applicable state law appears clear). As such, this factor does not weigh heavily in favor of transfer.

## III. CONCLUSION

Based on the factors discussed above, the Court finds there is insufficient reason to upset Plaintiff's choice of having the case in the Eastern District of Pennsylvania. Though the incident in question occurred in the District of New Jersey, there is nothing particularly compelling about the facts or potential witnesses involved which suggest that litigating the case in the Eastern District of Pennsylvania would an undue burden to the timely resolution of the case. As such,

noting the high deference given to Plaintiff in her choice of forum, the Court denies Defendant's Motion to transfer.

An appropriate order follows.